**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV124-V
5:06CR51-V**

| | | |
|---|---|---|
| **ROGER KEVIN WALSH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed November 9, 2009; Respondent's Motion for Summary Judgment (Doc. No. 9), filed January 19, 2010; Petitioner's Reply to Respondent's Motion for Summary Judgment (Doc. No. 10), filed January 26, 2010; and Respondent's Reply to Petitioner's Response (Doc. No. 12), filed April 19, 2010.

For the reasons set forth below, and in Respondent's Motion for Summary Judgment, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed.

## PROCEDURAL HISTORY

On November 29, 2005, Petitioner was sentenced in North Carolina state court to eight to ten months' imprisonment and 60 months' supervised release for breaking and entering his ex-wife's home. Petitioner was also sentenced to a consecutive six to eight months' term of imprisonment for possession of burglary tools. In addition, he was

sentenced to 75 days imprisonment for violation of a domestic violence protection order and simple possession of a Schedule IV controlled substance with 75 days to run consecutively to the sentences on the first two charges. All three sentences were suspended and Petitioner was released on probation.

While on probation, on January 12, 2006, Petitioner was cited for violating the terms of his probation when he broke the clip on his ankle and was found in possession of two firearms. As a result, Petitioner's probation was revoked.

Based on his possession of the firearms, on September 27, 2006, Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Crim Case. No. 5:06cr51: Doc. No. 1.) On October 11, 2006, a petition for writ of habeas corpus *ad prosequendum* was issued by this Court. (Crim Case. No. 5:06cr51: Doc. No. 3.) Pursuant to this Writ, Petitioner was taken into federal custody from state custody on October 22, 2006. On October 22, 2007, while Petitioner was still in federal custody, his state sentence expired. On February 5, 2009, Petitioner, pursuant to a plea agreement, entered a guilty plea at his Rule 11 Hearing. (Crim. Case No. 5:06cr51: Doc. Nos. 64, 65, 85.) On March 3, 2009, this Court sentenced him to 37 months imprisonment. (Crim. Case No. 5:06cr51: Doc. Nos. 69, 86.)

On April 23, 2009, Petitioner filed a Notice of Appeal challenging his sentence. (Crim. Case No. 5:06cr51: Doc. No. 78.) On November 9, 2009, Petitioner filed a voluntary dismissal of his appeal with the United States Court of Appeals for the Fourth Circuit. Petitioner's appeal was dismissed on November 9, 2009.                    .

On November 11, 2009, Petitioner, through counsel, timely filed the instant Motion

to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). In his Motion to Vacate, Petitioner argues that the United States Bureau of Prisons has erroneously failed to credit Petitioner against his federal sentence the pre-sentence time he spent in federal custody. Petitioner argues that North Carolina surrendered Petitioner to federal custody in anticipation that the state's penal interests would be fully served by federal prosecution. In the alternative, Petitioner argues that, even if the State had not relinquished custody, the proper course of action would have been for the Bureau of Prisons to calculate Petitioner's sentence from the October 22, 2006, date and upon completion of the federal sentence, remand Petitioner to the State to determine North Carolina's remaining penal interests in Petitioner.

## ANALYSIS

## I. WAIVER

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Crim. Case: 5:06cr51: Doc. No. 64 at ¶ 17.) At his Rule 11 hearing, Petitioner swore under oath[1] that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding. (Doc. No. 1-7 at 19-20.)

The United States Court of Appeals for the Fourth Circuit has upheld knowing and

---

[1] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

voluntary waivers to contest convictions or sentences in § 2255 motions. <u>See</u> <u>United States v. Lemaster</u>, 403 F.3d 216, 220-21 (4th Cir. 2005); <u>accord</u> <u>United States v. Johnson</u>, 410 F.3d 137, 151-53 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 461 (2005)(upholding defendant's knowing and voluntary waiver of appellate rights). The claims raised by Petitioner in his Motion to Vacate do not fall within the scope of the exceptions to the post-conviction waiver provision. Consequently, inasmuch as Petitioner has not argued that his Plea Agreement is somehow invalid,[2] this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's present Motion to Vacate.

Petitioner's argument that his Motion to Vacate is outside the scope of the waiver because he is seeking clarification of rather than challenging his sentence is unavailing. Petitioner asserts that he is merely questioning "how his term of incarceration is to be calculated." (Doc. No. 10 at 2.) Significantly, Petitioner cites no law to support such a distinction. As relevant to this matter, the Plea Agreement language is clear – Petitioner waived his rights pursuant to § 2255 to contest a conviction or sentence through a post-conviction challenge except in two limited circumstances not present in the instant case. Petitioner's argument clearly seeks to alter or correct what is a clear Judgment on its face. Petitioner's semantics aside, such relief through a § 2255 motion is precisely what is precluded by the waiver provision.[3]

---

[2] Indeed, Petitioner specifically asserts that the validity of the guilty plea is not at issue. (Doc. No. 10 at 2.)

[3] If this Motion to Vacate were intended to solely be a challenge to the calculation of Petitioners' sentence, such claim must be raised in a § 2241 petition. A § 2241 habeas petition generally challenges the execution of a sentence rather than its

## II. **JAIL CREDIT**

Petitioner argues that the Bureau of Prisons (BOP) assumed that Petitioner's state sentence was to be served first and therefore erroneously failed to give Petitioner any credit for time in federal custody until after the expiration of the full term of his state sentence. Petitioner contends that the BOP should give Petitioner credit against his federal sentence for his pre-sentence time in federal custody and upon completion of his federal sentence remand him to state custody for a determination by the state as to whether it would continue his incarceration. (Doc. No. 1 at ¶¶ 20, 21.)

Petitioner provides no support for his contention as to how events should have proceeded. Indeed, such a sequence of events would be unusual. A writ is the mechanism by which one authority "loans" a prisoner to another for prosecution purposes. Upon the completion of the prosecution, not the sentence, the lendee returns the prisoner and places a detainer on the prisoner with the lending authority. The writ at issue here is the standard writ which accomplishes the above described sequence of events.

Petitioner argues that the State communicated its wish to relinquish jurisdiction over Petitioner through the Probation Department. (Doc. No. 1 at ¶¶ 14-19.) Petitioner supports this assertion by citing to the Probation Officer's comment at the sentencing hearing in reference to the date the detainer was issued that "I just called the Iredell County probation office and they checked and said the date of his release was October 22, 2006." (Doc. No.

---

validity, whereas a direct appeal and § 2255 motion challenge the imposition of the sentence, including its validity. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir.1989) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself"); see also Martin v. Lamanna, 2009 WL 690686 (D.S.C. Mar. 16, 2009).

1-5 at 6.)  The Court finds this argument unpersuasive. It stretches the imagination to believe that a state would or could relinquish all rights to a convicted state prisoner simply by verbally conveying this wish to the probation department.  Something more formal is surely required.  Moreover, even if the probation officer intended it in the manner asserted by Petitioner, a probation officer's incorrect assertion of the legal status of a prisoner certainly does not have the power to change the actual status.  Petitioner provides no support for a conclusion that a state may relinquish all rights to a convicted prisoner simply by verbally informing a probation officer of that decision.

As an alternative argument, Petitioner, using statements made by stand-by defense counsel and by the prosecutor, also argues that the Judgment did not accurately reflect the sentence that the undersigned intended to impose.  (Doc. No. 1 at 27.)  At Petitioner's sentencing hearing his standby counsel argued that Petitioner's federal sentence should run from October 22, 2006, the date Petitioner was taken into federal custody.  (Doc. No. 1-5 at 5-7.)  Standby counsel then asked at the very least for Petitioner to be sentenced to the low end of the Guidelines.  The prosecutor objected to a sentence below the guideline range but stated that the Government would have "no objection to the court imposing a sentence at the bottom of the range which is 37 months and with the credit he would have for time served, approximately 28 months, that would leave nine months."  (Doc. No. 1-5 at 7-8.)  Without commenting on this exchange, the undersigned sentenced Petitioner to 37 months' imprisonment.  (Doc. No. 1-5 at 8-9.)

Petitioner, citing to U.S.S.G. § 5G1.3 and 18 U.S.C. § 3584,[4] also asserts that had

---

[4] In his Reply to the Government's Motion for Summary Judgment, Petitioner also argues that this Court had authority to grant a downward departure motion.  Petitioner

someone brought the possibility of a concurrent sentence to this Court's attention, the Court would have prepared its Order and Judgment to accurately reflect the intention of the sentence. (Doc. No. 1 at ¶¶ 22, 23.) Neither of these citations provides any authority for this Court to award Petitioner credit on both his state sentence and his federal sentence. When Petitioner was sentenced in federal court, his state sentence had expired. As such, neither of these authorities provided a basis upon which this Court could have ordered Petitioner's federal sentence to run concurrent with his state sentence because his state sentence was not "undischarged" at the time of sentencing. 18 U.S.C. § 3584(a)("[i]f multiple terms of imprisonment are imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."); U.S.S.G. § 5G1.3 ("Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment")

As already noted in this Order, the undersigned did not have the authority to award Petitioner credit toward his federal sentence for time served on his discharged state sentence. Nor did the undersigned intend to take such action. If such had been the case, such a result would have been specified in the Judgment. No clarification is necessary – the Judgment speaks for itself.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**;

---

relies upon district court cases from another circuit which justify the granting of such a motion based upon a delay in the indictment and thus a loss of an opportunity for a concurrent sentence. There is no indication that Petitioner's federal indictment was unduly delayed. Moreover, Petitioner overlooks the fact that no such motion was made.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

3.   It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: September 2, 2010

Richard L. Voorhees
United States District Judge